UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Chastity N. Veltman,<br>    Plaintiff,<br><br>         v.<br><br>Sonic Drive-In of Moncks Corner, SC, L.P,<br>and SDI of Berkeley County, South<br>Carolina, LLC.,<br>    Defendants. | CASE NO.: 2:11-CV-1703-MBS-BM<br><br><br>**COMPLAINT**<br>(**Jury Trial Requested**) |

The Plaintiff complaining of the Defendants would show unto this Honorable Court as follows:

**ONE:** This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII") and The Pregnancy Discrimination Act, 42 U.S.C. §2000e, et. seq., as amended and the Family Medical Leave Act of 1993 (29 U.S.C. §2601, et. seq.) ("FMLA") and retaliation.

**TWO**: All conditions precedent to jurisdiction under the Civil Rights Act of 1964 ("Title VII") and The Pregnancy Discrimination Act, 42 U.S.C. §2000e, et. seq., as amended have occurred or been complied with.

   a.   A charge of employment discrimination on the basis of sex/gender discrimination, pregnancy discrimination, retaliation and retaliatory discharge was filed by the Plaintiff with South Carolina Human Affairs Commission ("SHAC") and the Equal Employment Opportunity Commission ("EEOC").

   b.   Notice of the Right to Sue was received from EEOC on or about June 29, 2011.

   c.   This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of Right to Sue.

**THREE:** Plaintiff, Chastity Veltman, is a citizen and resident of Berkeley County, State of South Carolina.

**FOUR:** All discriminatory employment practices alleged herein were committed within the State of South Carolina.

**FIVE:** Defendant, Sonic Drive-In of Moncks Corner, South Carolina, L.P. was upon information and belief, a South Carolina corporation organized and doing business in the State of South Carolina located at 105 Highway #52 South, Moncks Corner, SC 29461, in good standing at the time the EEOC complaint was filed in December of 2009.

**SIX:** Defendant, SDI of Berkeley County, South Carolina, L.L.C., is upon information and belief, a South Carolina corporation organized and doing business in the State of South Carolina.

**SEVEN:** The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

**EIGHT:** Plaintiff began working for Defendants on December 14, 2008, as a foutaineer.

**NINE:** On or about January 1, 2009, Plaintiff found out she was pregnant.

**TEN:** When Plaintiff found out she was pregnant, Plaintiff informed the Defendants of her pregnancy through the general manager, Hugh Persons.

**ELEVEN:** Beginning on or about March 1, 2009, Defendants substantially reduced Plaintiff's hours.

**TWELVE:** Defendants reduced Plaintiff's hours, even though Plaintiff informed Defendants that she could work forty (40) hours per week until beginning maternity leave.

**THIRTEEN:** On or about May 2009, Plaintiff informed the Defendants that she needed to begin maternity leave.

**FOURTEEN:** Defendants informed Plaintiff to call when she was ready to return from her maternity leave so she could begin retraining.

**FIFTEEN:** On or about July 15, 2009, Plaintiff contacted Defendant's general manager, Hugh Persons, and informed him that she was able to return to work.

**SIXTEEN:** Defendants informed Plaintiff she would need to reapply for her job.

**SEVENTEEN:** After Plaintiff reapplied for her position, Plaintiff was not put on the schedule.

**NINETEEN:** Instead of placing Plaintiff back on the work schedule, Plaintiff was rehired as "on call status."

**TWENTY:** Plaintiff would be called to work by the Defendants, work for an hour or two before being informed to clock out and sit outside until Plaintiff was needed again.

**TWENTY-ONE:** Plaintiff would be asked to wait for hours before the Defendants would place her back to work.

**TWENTY-TWO:** Plaintiff was never paid for those hours Defendants had her wait.

**TWENTY-THREE:** On or about August 6, 2009, Plaintiff complained to Defendants about her mistreatment.

**TWENTY-FOUR:** On or about August 8, 2009, Plaintiff was subjected to sexual discrimination and retaliation due to her pregnancy and wage complaints.

**TWENTY-FIVE:** The Plaintiff maintains that she performed the functions of her job in a satisfactory manner throughout her employment with the Defendant and that sex discrimination and retaliation for her pregnancy and wage complaints were the reasons she was terminated.

## FOR A FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS/DISCRIMINATION UNDER TITLE VII

**TWENTY-SIX:** The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

**TWENTY-SEVEN:** Plaintiff is a member of a protected group on the basis of her sex and gender. Plaintiff was an employee for a position that she was qualified for and became pregnant and was subsequently discriminated against and denied a job due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

**TWENTY-EIGHT:** Defendant was wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a.    In discharging the Plaintiff and otherwise discriminating against the Plaintiff with respect to her compensation, terms, conditions, or privileges of employment due to her sex and pregnancy;

    b.    In terminating the Plaintiff's employment for actions that other, non-pregnant employees had also committed, without termination, thus depriving the Plaintiff of her employment opportunity and adversely affecting her status as an employee;

    c.    In terminating the Plaintiff's employment for actions that other non-pregnant employees had also committed, without termination.

**TWENTY-NINE:** That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, Plaintiff has suffered severe emotional distress.

**THIRTY:** Defendant violated the Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§2000e, et. seq.) by allowing the discrimination to exist in the workplace.

**THIRTY-ONE:** Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§2000e, et. seq.), by allowing a hostile work environment to exist regarding sex/gender discrimination in the workplace.

**THIRTY-TWO:**  Plaintiff's sex (female) and pregnancy were determining factors in the retaliation, disparate treatment and wrongful discharge of the Plaintiff.  But for the Plaintiff's sex and pregnancy, she would not have been terminated.

**THIRTY-THREE:**  The Defendant's wrongful discrimination, preferential treatment and inappropriate behaviors as set forth aforesaid constituted a discrimination of the Plaintiff due to her sex/gender and her pregnancy which constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Affairs Law.

**THIRTY-FOUR:**  That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§2000e, et. seq.).

**THIRTY-FIVE:**  As a direct and proximate result of the acts and practices of Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses, back pay, front pay, attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
## VIOLATION OF THE PREGNANCY DISCRIMINATION ACT

**THIRTY-SIX:**  The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

**THIRTY-SEVEN:**  Plaintiff is a member of a protected group on the basis of her sex and gender.   Plaintiff was an employee for a position that she was qualified for and became pregnant and was subsequently discriminated against and terminated from a job due to her pregnancy and gender (female) in violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

**THIRTY-EIGHT:**  Defendant was wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a.      In retaliating against Plaintiff due to her pregnancy.

    b.      In discharging the Plaintiff and otherwise discriminating against the Plaintiff with respect to her compensation, terms, conditions, or privileges of employment due to her sex and pregnancy;

    b.      In terminating the Plaintiff's employment for actions that other, non-pregnant employees had also committed, without termination, thus depriving the Plaintiff of her employment opportunity and adversely affecting her status as an employee;

    c.      In terminating the Plaintiff's employment for actions that other non-pregnant employees had also committed, without termination.

4

**THIRTY-NINE:** That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, Plaintiff has suffered severe emotional distress.

**FOURTY:** Defendant violated the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), by allowing the discrimination to exist in the workplace.

**FOURTY-ONE:** Defendant violated the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)), by allowing a hostile work environment to exist regarding sex/gender discrimination in the workplace.

**FOURTY-TWO:** Plaintiff's sex (female) and pregnancy was a determining factor in the retaliation, disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's sex and pregnancy, she would not have been terminated.

**FOURTY-THREE:** The Defendant's wrongful discrimination, preferential treatment and inappropriate behaviors as set forth aforesaid constituted a discrimination of the Plaintiff due to her sex/gender and her pregnancy which constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Affairs Law.

**FOURTY-FOUR:** That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of the Pregnancy Discrimination Act (42 U.S.C. §2000e(k)).

**FOURTY-FIVE:** As a direct and proximate result of the acts and practices of Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses, back pay, front pay, attorney's fees and costs.

## FOR A THIRD CAUSE OF ACTION
## VIOLATION OF FAIR LABOR STANDARDS ACT

**FOURTY-SIX:** The Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

**FOURTY-SEVEN:** The Plaintiff was working for Defendants. The Defendant has failed to pay the wages owed to the Plaintiff in violation of the Fair Labor Standards Act 29 U.S.C. § 201 et. seq. (FLSA).

**FOURTY-EIGHT:** Plaintiff is informed and believes that Defendant was unjustly enriched in maintaining wages which rightfully belong to Plaintiff pursuant to the FLSA.

**FOURTY-NINE:** As a direct and proximate result of the willful acts, omissions, and practices of the Defendants, the Plaintiff sustained a loss of income and wages.

**FIFTY:** As a direct and proximate result of the willful acts and practices of Defendants, Plaintiff is informed and believes she is entitled to an award of unpaid compensation, treble damages, liquidated damages, prejudgment interest, legal fees and costs in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendants for pain and suffering, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendants, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/Paul D.G. Ribeiro
Paul D.G. Ribeiro, Esquire
Federal I.D. #11023
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
Telephone:    (843) 553-9800
Facsimile:     (843) 553-1648

North Charleston, South Carolina
This 14th day of July, 2011.